**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| JENAM TECH, LLC,<br><br>     Plaintiff<br><br> v.<br><br>GOOGLE LLC,<br><br>     Defendant. | Civil Action No.: 6:21-cv-271<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Jenam Tech, LLC ("Jenam Tech" or "Plaintiff"), files this Complaint against Google, LLC ("Google" or "Defendant") seeking damages and other relief for patent infringement, and alleges with knowledge to its own acts, and on information and belief as to other matters, as follows:

**PARTIES**

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 211 West Tyler Street, Suite C, Longview, Texas, 75601.

2. Defendant Google is a Delaware corporation with a physical address at 500 West 2nd Street, Austin, Texas 78701. Google may be served with process through its registered agent, the Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701. Google is registered to do business in the State of Texas and has been since at least November 17, 2006.

3. This Court has personal jurisdiction over Google at least because Google regularly conducts and transacts business, including infringing acts described herein, in this District.

4. Defendant conducts business in Texas, directly or through intermediaries and offers products or services, including those accused herein of infringement, to customers, and potential customers located in Texas, including in the Western District of Texas.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. §101, et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).

6. As to Google, venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b). Google maintains an established place of business in the state of Texas and the Western District of Texas, specifically, including an office at 500 West 2nd Street, Austin, Texas 78701.

7. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process or the Texas Long Arm Statute, because Defendant conducts substantial business in this forum, including: (i) making, using, selling, importing, and/or offering for sale one or more websites or web addresses including, but not limited to www.google.com, stored and/or hosted on one or more servers owned or under the control of Google, as well as other Google products and services including, but not limited to: Google Edge Network, Google Cloud, Chrome Enterprise, G suite , Google Play, Chrome, Android (Android Enterprise, Android Messages (RCS)), Duo, Google Ads, Adwords, Google Analytics, YouTube, Google Mobile apps, Google Shopping, and Google Maps ("Accused Software"); (ii) making, using, selling, importing, and/or offering for sale software for smartphones and tablets as well as other computing devices, or offering said software with such computing devices (e.g., Pixel phones, laptops, desktops, Chromebooks, etc.) ("Accused Products"); or (iii) regularly doing or soliciting business, engaging

in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to citizens and residents in Texas and in this District.

## THE PATENT IN SUIT

8. On October 23, 2020, Robert Paul Morris filed United States Patent Application No. 17/079,397 ("the '397 Application"). The '397 Application was duly examined and issued as United States Patent No. 10,951,742 ("the '742 patent") (entitled "Methods, Systems, and Computer Program Products for Sharing Information for Detecting at Least One Time Period for a Connection"), on March 16, 2021.

9. Jenam Tech is the owner of the '742 patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendant's infringement of the '742 patent.

10. The '742 patent is valid and enforceable. A true and correct copy of the '742 patent is attached hereto as Exhibit A.

11. The '742 patent is collectively referred to herein as the "patent" or the "patent in suit."

12. Jenam Tech has not practiced any claimed invention of the patent in suit.

13. Defendant infringes the patents at least through making, using, selling, importing, and/or offering to sell the Accused Software and Accused Products.

## COUNT I: INFRINGEMENT OF THE '742 PATENT

14. Jenam Tech repeats and re-alleges the allegations of the above paragraphs as if fully set forth herein.

15. The '742 patent includes 176 claims. '742 patent, Ex. A at 25:4-50:64.

16. Defendant directly infringes one or more claims of the '742 patent without authority by making, using (including without limitation testing), selling, importing, and/or offering to sell products and systems, including by way of example, the Accused Software and Accused Products. *See* Claim Chart for the '742 patent, attached hereto as Exhibit B.

17. Defendant has been and are directly infringing, either literally or under the doctrine of equivalents, at least claims 1 and 78 of the '742 patent by making, using (including without limitation testing), selling, importing, and/or offering to sell the Accused Software and Accused Products. *See* Claim Chart for the '742 patent, attached hereto as Exhibit B. As demonstrated by the attached claim chart, each and every element of at least claims 1 and 78 of the '742 patent is found in the Accused Software and Accused Products.

18. Upon information and belief, since Google had knowledge of the '742 patent, Google has induced and continues to induce others to infringe at least claims 1 and 78 of the '742 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Google's partners and customers, whose use of the Accused Software and Accused Products constitutes direct infringement of at least claims 1 and 78 of the '742 patent.

19. In particular, Google's actions that aid and abet others such as their partners and customers to infringe include distributing the Accused Software and Accused Products and providing materials and/or services related to the Accused Software and Accused Products. On information and belief, the Google has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because the Google has had actual knowledge of the '742 patent and that its acts were inducing infringement of the '742 patent since Google has had knowledge of the '742 patent.

20. On information and belief, since Google had knowledge of the '742 patent, Google's infringement has been and continues to be willful.

21. Defendant has had actual knowledge of the '742 patent at least as early as the date of service of this Complaint.

22. Defendant's acts of infringement have occurred within this District and elsewhere throughout the United States.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declaring that Defendant has infringed the patent in suit;

B. Awarding damages in an amount to be proven at trial, but in no event less than a reasonable royalty for Defendant's infringement including pre-judgment and post-judgment interest at the maximum rate permitted by law;

C. Ordering an award of reasonable attorneys' fees and enhanced damages as appropriate against Defendant to Jenam Tech as provided by 35 U.S.C. § 285;

D. Awarding expenses, costs, and disbursements in this action against Defendant, including prejudgment interest; and

E. All other relief necessary or appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  March 17, 2021                    */s/ James M. Lennon*
                                                                   James M. Lennon (Bar No. 4570)
                                                                   Timothy Devlin (*pro hac vice* to be filed)
                                                                   Derek Dahlgren (*pro hac vice* to be filed)
                                                                   Cory Edwards (*pro hac vice* to be filed)
                                                                   **DEVLIN LAW FIRM LLC**
                                                                   1526 Gilpin Avenue
                                                                   Wilmington, DE 19806
                                                                   Telephone: (302) 449-9010
                                                                   Facsimile: (302) 353-4251
                                                                   jlennon@devlinlawfirm.com
                                                                   tdevlin@devlinlawfirm.com
                                                                   ddahlgren@devlinlawfirm.com
                                                                   cedwards@devlinlawfirm.com

                                                                  *Attorneys for Plaintiff,*
                                                                   *Jenam Tech, LLC*